**Jeremy NICHOLAS, by his parents, Kyle NICHOLAS and Ramona Nicholas, Kyle Nicholas, individually and Ramona Nicholas, individually, Plaintiffs,**

v.

**TAYLOR COUNTY BOARD OF EDUCATION; Wendell Teets; West Virginia Department of Education; and Henry Marockie, Dr., Superintendent, Defendants.**

No. Civ.A. 1:96–CV–60.

United States District Court,
N.D. West Virginia.

June 10, 1998.

---

Nancy A. Dalby, Braun A. Hamstead, Hamstead & Associates, LC, Charles Town, WV, for Jeremy Nicholas, by his parents Kyle Nicholas and Ramona Nicholas.

Harry M. Rubenstein, Bethann R. Lloyd, Kay, Casto, Chaney, Love & Wise, Morgantown, WV, for Taylor County Bd. of Educ., Wendell Teets, Superintendent.

Michael F. Niggemeyer, Asst. Atty. Gen., Charleston, WV, Darrell V. McGraw, Jr., Atty. Gen., Charleston, WV, John S. Dalporto, Asst. Atty. Gen., Charleston, WV, for West Virginia Dept. of Educ., Henry Marockie, Dr., Superintendent.

## MEMORANDUM OPINION AND ORDER

KEELEY, District Judge.

The plaintiff in this civil action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1461, seeks an award of attorney fees and costs pursuant to 29 U.S.C. § 1415(e)(4)(B). This statute provides that "In any action or proceeding brought under this section, the Court, in its discretion, may award reasonable attorney fees ... to the parents or guardian of a child ... who is the prevailing party." The plaintiffs claim that they have prevailed in at least three respects:

(1) The Board has changed its position taken in the due process hearing that Jeremy did not qualify as Learning Disabled, Other Health Impaired and Speech and Language Impaired and now finds him eligible in all such categories;

(2) The Board changed its position that Jeremy did not need a more intensive level of structure and special education services than the 45% provided for in the January 18, 1995 IP and now has him placed in 100% special education, self-contained classes, with significant one-on-one instruction provided by Steven Harlow in the September 1996 and subsequent IEPs;

(3) The Board granted the parents' request for independent comprehensive evaluation by the child and Adolescent Clinical Associates which specializes in neurologically impaired children and adolescents and relied on that evaluation for its mandated triennial evaluation.

The defendants claim that none of these benefits are the result of this litigation, and that, rather than being prevailing parties, the

plaintiffs lost. A brief review of the facts and history of the case is necessary to frame the issue.

### A.

Since at least 1991, the parents of Jeremy Nicholas have fought to have their son properly educated in the Taylor County Schools. Jeremy suffers from Attention Deficit and Hyperactivity Disorder ("ADHD"), Tourette's syndrome, learning disabilities, particularly in speech and language, and behavior disorders. Under any circumstances, he has difficulty learning, difficulty staying on task, and difficulty in understanding and following rules, difficulty controlling his anger and he resents discipline. He has been a challenge to the school system and to his family. These difficulties have caused severe communication problems between the parents and the school board. An IEP was proposed in 1995, which became the subject of a due process hearing, and resulted in this lawsuit. Jeremy's eighth grade year, in 1994–95, was tumultuous, and resulted in a hospitalization at Chestnut Ridge Psychiatric Hospital, several juvenile petitions and a juvenile placement at Graydon Manor, in Leesburg, Virginia, a residential school.

At Chestnut Ridge and Graydon Manor, both structured classroom settings, Jeremy's academics and behavior improved. Having received these records, in July 1996, the School Board developed a new IEP for Jeremy's ninth grade year. As school started in September, Jeremy's parents brought a motion for injunctive relief in this Court, seeking to have Jeremy placed in a residential school. Immediately before the hearing on the injunction, the School Board submitted an amended IEP, which, like the July IEP, placed Jeremy in Behavior Disorder and Learning Disabled classrooms for 100% of his time.

After hearing testimony from Jeremy, his parents, and Dr. Jeannie Johns, plaintiffs' expert, and from several members of the school board and teachers from Grafton High School, the Court determined that communication problems were interfering with any good faith effort to resolve the educational problems of Jeremy Nicholas. The Court asked the parties if they would agree to Court directed mediation. They did.

For over a year, the Court held regular meetings with Jeremy, his parents, his teachers and the School Board, with the main objective of keeping Jeremy in school and learning. Jeremy passed his ninth grade goals, received help during the summer and started tenth grade with a better attitude, more determination, less fear, and a wonderful teacher who really cared about him. Although some issues remained, the Court found that the "basic floor of opportunity" as required by IDEA, *Bd. of Educ. v. Rowley*, 458 U.S. 176, 201, 102 S.Ct. 3034, 3048, 73 L.Ed.2d 690 (1982), had been provided to Jeremy and dismissed the case.

### B.

The IDEA provides that the district courts "may award reasonable attorney fees as part of the costs to the parents or guardian of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(e)(4)(B). In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), a case brought pursuant to 42 U.S.C. § 1988, the Supreme Court defined a "prevailing party" as one who succeeded "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* at 433, quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978). The Court noted that this standard would "be generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Id.* at 433, n. 7. Under this standard, the plaintiff may have been entitled to some portion of their attorney fees. That "generous formulation" is no longer the standard. In *Texas State Teachers Assoc. v. Garland Independent School Dis.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the Supreme Court held that "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Id.* at 792–93. Although it would be a closer case, the plaintiffs may also have been entitled to attorney fees under this standard.

■ The door was closed tighter in *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), which provided a clear cut definition of a "prevailing party" as one who obtains an enforceable judgment against the defendant "or comparable relief through a consent decree or settlement." In an IDEA case after *Farrar*, a panel of the Fourth Circuit found that *Farrar* had not completely foreclosed attorney fees in cases in which some resolution less than judgment or other enforceable order was obtained. In *S–1 by and through S–1 by P–1 v. State Bd. of Educ.*, 6 F.3d 160, 163 (4th Cir.1993), the Court found that *Farrar* had not eliminated that "catalyst" theory, that attorney fees are available where the lawsuit has been a major causal factor in some change in the defendant's conduct or action. The *en banc* Fourth Circuit, however, in a 7–6 decision, adopted the dissenting panel opinion, and found, based on *Farrar* that "the fact that a lawsuit may operate as a catalyst for post-litigation changes in a defendant's conduct cannot suffice to establish plaintiff as a pre-vailing party." 21 F.3d 49, 51 (4th Cir.1994).

■ As noted above, the School Board had received the records from Chestnut Ridge and Graydon Manor about the time this law-suit was filed, and promptly developed an IEP reflecting what had been learned. This IEP, with only minor changes, was used throughout the 1996–97 school year. While this IEP was a significant change from the 1995 IEP that was before the Administrative Law Judge, it certainly was not the result of a judgment, consent decree or settlement. Further, the Board had agreed to a compre-hensive evaluation and only the communica-tion problems between the parties prevented an earlier evaluation.

This case is quite similar to the situation in *Combs v. School Bd.*, 15 F.3d 357 (4th Cir. 1994), in which the court found that an award of attorney fees would be inappropriate where the Board responded promptly to ev-ery concern when given sufficient informa-tion and time. As the court noted,

Allowing such an award would encourage potential litigants and their attorneys to pursue legal claims prior to attempting a simpler resolution and would discourage the school from taking any action whatso-ever, particularly any favorable change in a child's IEP, once an administrative pro-ceeding or lawsuit was underway for fear that any action on its part would give rise to a claim by the plaintiff that he prevailed and that attorney's fees are in order.

*Id.* at 364.

For the reasons stated, the Plaintiff's Mo-tion for Attorney Fees and Costs (Docket No. 33) is **DENIED**.